UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMBER DOE,

                              Plaintiffs,

            -against-

SEQUOIA CAPITAL, et al.,

                              Defendants.

25-CV-6169 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Amber Doe, also known as Amber Baptiste, who resides in Los Angeles, California, brings this *pro se* action asserting claims involving an alleged sex trafficking operation. Named as Defendants are individuals, law firms, and other entities associated with Sequoia Capital LLC, Michael Lewis Goguen, and Two Bear Capital. For the reasons set forth below, the Court denies Plaintiff's motion for recusal and transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

**A.      Motion for Recusal**

A judge is required to recuse herself from "any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted, alteration in the original).

The showing of personal bias warranting recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff who "speculated that the judge may have been acquainted with [him]" where judge had ruled against him on all his motions). In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Any reasonable and objective observer would perceive Plaintiff's dissatisfaction as only with the court's rulings in her prior case, *Doe v. Sequoia Capital*, No. 23-CV-5881 (LTS) (S.D.N.Y. Aug. 1, 2023) ("*Doe I*"), where the Court transferred the action to the Central District of California. As there is no need for the undersigned to recuse herself from this action, the Court denies the motion for recusal.

**B.    Transfer Order**

Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). This action is the second civil action Plaintiff has filed in this court regarding alleged sex trafficking on the part of Defendants. The

Court transferred the first action, *Doe I*, after the Court learned that the Central District of California had dismissed two other actions filed by Plaintiff in the Central District of California that were substantially similar to *Doe I*. *See Doe v. Goguen*, No. 2:23-CV-2280-MEMF (SK) (Doc. No. 38) (C.D. Cal. May 22, 2023); *Doe v. Quinn Emmanuel*, No. 2:23-CV-4723-MEMF (SK) (Doc. No. 5) (C.D. Cal. June 16, 2023). After the Court transferred *Doe I*, the Central District of California denied Plaintiff's application to proceed *in forma pauperis* because that court found that the action was frivolous. *See Doe v. Sequoia Capital*, No. 2:23-CV-6439-MEMF (SK) (Doc. No. 22) (C.D. Cal. Sept. 20, 2023).

The Court now transfers this action to the Central District of California because the action is substantially similar to the three prior actions filed by Plaintiff against Sequoia and Sequoia-associated defendants, all disposed of in the Central District of California. As that court has considered Plaintiff's claims on the merits, and found them to be frivolous, this Court concludes that that the Central District of California is in the best position to address this new filing by Plaintiff. Accordingly, the Court transfers this action to the Central District of California, in the interests of justice.[1] *See* 28 U.S.C. § 1404(a) (Even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice.").

---

[1] In addition to this action, Plaintiff also filed virtually identical complaints in the Middle District of Florida, *see Doe v. Sequoia Operations LLS*, No. 8:25-CV-2003 (TPB) (CPT) (M.D. Fla., complaint filed July 30, 2025), and the District of Columbia, *see Doe v. Sequoia Operations LLS*, No. 1:25-CV-2566 (UNA) (D.D.C., complaint filed Aug. 5, 2025). Moreover, based on Plaintiff's extensive state court litigation in California, against many of the parties named in this action, the Superior Court of California, Orange County, and the California State Bar have both declared Plaintiff a vexatious litigant. (*See* ECF 8, at 3, 7.)

## CONCLUSION

The Clerk of Court is directed to transfer this action, in the interests of justice, to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1404(a). Summonses shall not issue from this court. This order closes this case in this court.

The Court denies Plaintiff's motion for recusal (ECF 5) and directs the Clerk of Court to terminate this motion. The Court also denies Plaintiff's motion for permission to participate in electronic case filing (ECF 3) and directs the Clerk of Court to terminate this motion. Rulings on Plaintiff's motion for a temporary restraining order and her motion to proceed *in forma pauperis* are determinations reserved for the transferee court. The Court directs the Clerk of Court to terminate these motions (ECF 2, 7).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 20, 2025
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge